[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11766

_____

D.C. Docket No. 1:15-cv-20240-JLK


FRANCIS D'CRUZ,

Plaintiff-Appellant,

versus

NCL (BAHAMAS) LTD.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 29, 2016)

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and STORY,[*]
District Judge.

PER CURIAM:

_____

[*] Honorable Richard W. Story, United States District Judge for the Northern District of Georgia,
sitting by designation.

The only issue in this appeal is whether a seaman's work in international waters on a cruise ship that calls on foreign ports constitutes "performance . . . abroad" under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 202. That issue is controlled by recent binding precedent. *See Alberts v. Royal Caribbean Cruises, Ltd.*, No. 15-14775 (11th Cir. Aug. 23, 2016). We held in *Alberts* that "performance abroad includes a seaman's work traveling to or from a foreign country." *Id.* at 4. D'Cruz's contract envisioned performance abroad because he worked on a cruise ship that traveled in international waters to ports in Honduras, Belize, and Mexico. Because his contract envisaged performance abroad, the arbitration clause is enforceable under the Convention. *See id.* at 7.

We **AFFIRM** the order compelling arbitration.